IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21–CR–132 |
| vs. | ORDER |
| TARIQ THOMAS, | |
| Defendant. | |

Defendant Tariq Thomas filed a *pro se* Motion to Reduce Sentence seeking relief based upon retroactive application of Amendment 821 to the United States Sentencing Guidelines. Filing 106 at 1. In this submission, Thomas also briefly references compassionate release. Filing 106 at 2. After Thomas filed this Motion, the Office of the Federal Public Defender was appointed to represent him. Filing 107. This appointment was made in accordance with General Order No. 2023-09 to determine whether Thomas qualified "for relief pursuant to either the 2023 U.S. Sentencing Guidelines amendments of U.S.S.G. § 1B1.13 or U.S.S.G. § 1B1.10[.]" Filing 175 at 1. However, this appointment of counsel did not extend to the compassionate release issue Thomas referenced in his Motion. *See generally* Filing 107.

Mr. David R. Stickman, the Federal Public Defender, subsequently moved to withdraw because "the Defendant's offense of conviction involved the use of violence and a dangerous weapon and therefore no relief is allowed pursuant to U.S.S.G. § 4C1.1(a)(3) and U.S.S.G. 4C1.1(a)(7)." Filing 108 at 1. The United States Probation Office also submitted a worksheet in this case stating that Thomas is not eligible for a sentencing reduction pursuant to Amendment 821. Filing 109 at 1. The Court agrees. For the reasons he set forth in his Motion, Mr. Stickman's Motion to Withdraw is granted. The Court will deny Thomas's *pro se* Motion, Filing 106, to the extent he seeks a sentence reduction based on retroactive application of Amendment 821.

1

The Court will also deny Thomas's Motion to the extent he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has not met his burden of showing an entitlement to it. See *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) ("[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a [compassionate-release] motion."). In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. See 18 U.S.C. § 3582(c)(1). Pursuant to this statute,

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Thomas only briefly alludes to compassionate release in his Motion and references the fact he contracted COVID-19 while incarcerated along with other "stressful" conditions inherent to his confinement. See Filing 106 at 2. Thomas does not elaborate on the symptoms he experienced or otherwise describe his health status either before, during, or after contracting COVID-19. See generally Filing 106. Nor does he claim to suffer from any underlying health condition. See generally Filing 106. In short, nothing Thomas raises in his Motion establishes "extraordinary and compelling circumstances" as that term is understood within the meaning of 18 U.S.C. § 3582(c)(1)(A) or U.S.S.G. § 1B1.13. His request for compassionate release is denied on this basis.

His request for compassionate release also alternatively fails because even if the Court were to assume solely for the sake of argument that Thomas had shown "extraordinary and compelling" circumstances that qualified for compassionate release, the Court would still deny his

request based upon collective consideration of the relevant factors under 18 U.S.C. § 3553(a).[1] *See United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but then denied the defendant's motion because the § 3553(a) factors weighed against granting release). Thomas was convicted of two counts charging him with aiding and abetting a robbery. Filing 103 at 1. As reflected in the Presentence Investigation Report, Thomas and his codefendant held knives to the throats of their victims during the incident and one victim sustained bodily injury as a result of the offense. Filing 100 at 9. Accordingly, the nature and circumstances of the offense, the need to promote respect for the law, the need to provide both general and specific deterrence, and the need to protect society from the Defendant all weigh firmly against compassionate release. Collective consideration of all remaining factors under § 3553(a) do not alter the Court's conclusion. For the forgoing reasons, the Court concludes that Thomas is not entitled to any of the relief he seeks in his Motion.

IT IS ORDERED:

1. The Federal Public Defender's Motion to Withdraw, Filing 108 is granted; and
2. The relief Tariq Thomas seeks in his *pro se* Motion, Filing 106, is denied.

Dated this 16th day of July, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).